**Noel License**

C. P. of Lawrence County, Misc. no. 196 of 1970.

*Richard E. Flanner*, for Commonwealth.

*Sherman K. Levine*, for defendant.

LYON, J., May 10, 1971.—Before the court for determination is appellant's motion to stay the hearing de novo on his appeal from the suspension of his operating privileges by the Secretary of Transportation.

Appellant's operating privileges were suspended by reason of a motor vehicle accident. By reason of the same accident the District Attorney of Lawrence County charged appellant with commission of a criminal offense. Appellant contends that his Fifth Amendment privilege against self-incrimination would be violated by a hearing in the civil appeal proceedings before final disposition of the criminal charges arising out of the same transaction.

Appellant's self-incrimination contention is based upon Garrity et al. v. New Jersey, 385 U.S. 493, 87 S.Ct. 616, 17 L. Ed. (2d) 562 (1967); Spevack v. Klein, 385 U.S. 511, 87 S. Ct. 625, 17 L. Ed. (2d) 574 (1967), and Gardner v. Broderick, 392 U.S. 273, 278, 88 S. Ct. 1913, 20 L. Ed. (2d) 1082 (1968). Garrity held that the compulsion inherent in the threat of forfeiture of a policeman's job for failure to testify in a departmental disciplinary proceeding rendered that compelled testimony inadmissible in a subsequent criminal proceeding. Spevack reversed the decision of the New York Court of Appeals which had disbarred an attorney solely on the ground that he had, in a disciplinary proceeding, asserted the privilege against self-incrimination in refusing to testify and to produce certain records. The Supreme Court reversed Cohen v. Hurley, 366 U.S. 117, 81 S. Ct. 954, 6 L. Ed. (2d) 156 (1961), which had affirmed a previous disbar-

ment on a similar ground. In Gardner, a police officer refused to waive his privilege against self-incrimination and testify before a grand jury with respect to his official duties. He was discharged for such refusal, pursuant to a provision of the New York City Charter. The Supreme Court held the charter provision unconstitutional.

We need not decide whether or not the Garrity, Spevack and Gardner trilogy applies to a civil proceedings where appellant's operating privileges are at stake. If he were compelled to testify in the proceedings on the pain that his assertion of the privilege against self-incrimination would result in the suspension of his operating privileges, the Spevack case would be in point. But there is nothing in the appeal proceedings which would compel appellant's testimony and nothing appears from which we can conclude that appellant's failure to testify will be held as grounds for suspension of his operating privileges. There is nothing before this court from which we can find that appellant will not be accorded the full scope of Fifth Amendment rights mandated by Griffin v. California, 380 U.S. 609, 85 S. Ct. 1229, 14 L. Ed. (2d) 106 (1965).

"But," says the appellant, "I will nevertheless be put to a difficult choice, and the Fifth Amendment should be so construed that one is not faced with the compulsion to add his own possibly affirmative good testimony at the suspension hearing before a criminal trial."

This argument proves too much, for it applies with equal force to every situation where civil and criminal proceedings may arise out of the same factual pattern. If, for example, the charge against an attorney was embezzlement of a client's funds, acceptance of appellant's position would require that the wronged client

await the completion of a criminal trial before he sought a civil recovery, because of the possible compulsion of the risk of a judgment. The same would be true of most defendants in a wrongful death action.

No authority has come to our attention for so broad a reading of the Fifth Amendment, and the contravailing possibilities of prejudice to civil litigants militates against any such extension of constitutional doctrine.

The contention that an actual or potential defendant in a criminal case should not even be put to the difficult choice of having to assert the privilege in a related civil case was rejected in U.S. v. Kordel et al., 397 U.S. 1, 90 S. Ct. 763, 25 L. Ed. (2d) 1, decided on February 24, 1970. In Kordel the Supreme Court reversed the Sixth Circuit Court of Appeals, U.S. v. Detroit Vital Foods, Inc., 407 F. (2d) 570, which had reversed a criminal conviction for violation of the Federal Food, Drug and Cosmetic law on the ground that prior to the indictment the government had, in a civil condemnation proceeding, served interrogatories. Defendants did not assert the privilege against self-incrimination in the civil case, but applied for a stay of the civil action, or of the answers to interrogatories, until after the disposition of the criminal case. When that relief was denied, the interrogatories were answered, and the answers provided information useful in the criminal case. The Supreme Court found the answers to have been voluntarily given, and rejected contentions similar to those advanced by plaintiff here, saying: "The respondents urge that even if the Government's conduct did not violate their Fifth Amendment privilege against compulsory self-incrimination, it nonetheless reflected such unfairness and want of consideration for justice as independently to require the reversal of their convictions. On the record before us, we cannot agree that the respondents have made

out either a violation of due process or a departure from proper standards in the administration of justice requiring the exercise of our supervisory power. The public interest in protecting consumers throughout the Nation from misbranded drugs requires prompt action by the agency charged with responsibility for administration of the federal food and drug laws. But a rational decision whether to proceed criminally against those responsible for the misbranding may have to await consideration of a fuller record than that before the agency at the time of the civil seizure of the offending products. It would stultify enforcement of federal law to require a governmental agency such as the FDA invariably to choose either to forego recommendation of a criminal prosecution once it seeks civil relief, or to defer civil proceedings pending the ultimate outcome of a criminal trial": U.S. v. Kordel, supra, at 11.

In U.S. v. Simon, 373 F. (2d) 649 (2 Cir. 1967), cert. granted Simon v. Wharton, 386 U.S. 1030, 87 S. Ct. 1485, 18 L. Ed. (2d) 591, vacated as moot, 389 U.S. 425, 88 S. Ct. 577, 19 L. Ed. (2d) 653 (1967), three accountants who had been indicted for violations of the Securities Exchange Act objected to depositions being taken by the trustee in bankruptcy of the company to which the charges in the indictment referred. They contended that they did not want to plead the privilege against self-incrimination, but at the same time they did not want to help the Government prepare its case. Reversing a district court order which had enjoined the taking of depositions, the court said: "Appellees urge that, as accountants, they 'would lose their professional lives' by invoking the privilege. We are not sure that they would, if it were made clear that the privilege was claimed only on advice of counsel in order to prevent pretrial disclosure of their factual contentions. Whether or not they would, however, the same dilemma

is faced by any witness in a civil or criminal trial who is himself under investigation or indictment for other crimes. Such a witness must either invoke his privilege against self-incrimination, or assume 'the general duty to give what testimony one is capable of giving.' See 8 Wigmore, Evidence, Sec. 2192 (McNaughton rev. 1961). It is for the same reason that a witness who has been given immunity from prosecution must testify although his testimony may expose him to such extra-legal pressures as 'loss of job, expulsion from labor unions, state registration and investigation statutes, passport, eligibility, and general public opprobrium.' Ullmann v. United States, 350 U.S. 422, 430, 76 S. Ct. 497, 502, 100 L. Ed. 511 (1955); see Piemonte v. United States, 367 U.S. 556, 81 S. Ct. 1720, 6 L. Ed. 2d 1028 (1961). We cannot agree that 'civilized standards of procedure and evidence,' McNabb v. United States, supra, [318 U.S.] at 340, 63 S. Ct. at 612, require that a witness under indictment be given the option of nonappearance in any proceedings in related civil or criminal cases until his own trial is concluded": U.S. v. Simon, supra, at 653. We Agree.

Appellant in the instant case can, if he wants, assert the privilege in the suspension proceedings. He has no constitutional right to be relieved of the burden of that choice.


## ORDER OF COURT

Now, this May 13, 1971, for the reasons stated in the foregoing opinion, it is ordered, adjudged and decreed that defendant's motion to delay the civil appeal hearing be, and hereby is denied.

A hearing on the appeal is hereby scheduled for Thursday morning, May 27, 1971, at 9:30 a.m.